THAXTER *v.* BOSTON ELECTRIC Co. and others.

*(Circuit Court, D. Massachusetts. December 8, 1887.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—LOCKS.

Letters patent No. 315,186, dated April 7, 1885, issued to George E. Thaxter for improvement in knob-locking and releasing mechanism for locks, *held* infringed by patent No. 323,918, granted to Crockett & Allen, August 11.1885, for improved locking and unlocking mechanism for electric locks; the difference between the two being that the tumbler in the latter was in the form of a toothed wheel, and for the locking slide engaging with the slot in the tumbler was substituted a pivotal clutch or dog engaging with the toothed wheel, and a swiveled spindle for the solid spindle.

In Equity.

*W. A. Macleod,* for complainant.

*J. E. Abbott,* for defendant.

NELSON, J. This suit was brought for the infringement of patent No. 315,186, dated April 7, 1885, granted to the plaintiff for improvements in knob-locking and releasing mechanism for locks. The object of the invention is declared to be the providing of mechanism whereby the latch or lock-bolt of the door of a building occupied by several different tenants, all using the same entrance, may be automatically locked so that it cannot be retracted by the knob or key, and can be released and made capable of movement at the will of a person on any floor of the building by closing an electric current.

The invention, as described in the specification, consists of the following combination: The operative parts of a door-lock, the knob, bolt, tumbler, and other mechanism, by means of which the turning of the knob draws back the bolt and releases the door; a locking slide moved by a spring, and engaging with a slot formed in the tumbler; a lever impelled by a spring, and adapted, when released, to withdraw the locking slide, and lock the tumbler; an electro-magnet; and a device to hold the spring-impelled lever and connect the electro-magnet with the other mechanism. This latter device consists of two pivoted elbow levers, connected together by a notch and pin. One arm of one of these levers, moved by a spring, bears against a lug on the locking slide. To one of the arms of the other lever is secured an armature. The operation of the apparatus is this: The movement of the armature, when attracted by the energized magnet, disengages the notch and pin, the locking slide is forced out of the slot in the tumbler, and, by turning the door-knob on the outside, the bolt is drawn back, and the door unlocked. The turning of the door-knob also serves to reset the lock.

The defendants' lock is constructed according to patent No. 323,918, granted to Crockett & Allen, August 11, 1885, for improved locking and unlocking mechanism for electric locks. It is conceded that the Crockett & Allen lock contains all the essential elements of Thaxter's, with this exception: In the former the tumbler is in the form of a toothed wheel, and for the Thaxter locking slide engaging with the slot in the tumbler is substituted a pivoted clutch or dog engaging with the toothed wheel. In the specification and drawings of the Crockett & Allen patent the dog is forced into the notches of the wheel by a spring, but in the exhibits a weight is substituted for the spring, and performs the same service. There is also this difference: In the Thaxter lock the knob spindle is solid, while in the Crockett & Allen lock it is swiveled.

Upon examining and comparing the two locks, it is very clear that the dog or clutch of the defendants' lock is nothing more than a mechanical equivalent for the locking slide of Thaxter. In this I am confirmed by Mr. Livermore, the expert called by the plaintiff. He says:

"This clutch or dog is, in my judgment, the equivalent of the locking slide used by Thaxter, and mentioned as an element in each of the first three claims of the Thaxter patent, for the reasons that such a dog or device was, at the time of the Thaxter patent, a well-known mechanical substitute for the slide-bar used by Thaxter for the purpose of connecting an actuating part, such, for instance, as the knob, with the part to be actuated by it, so as to make the actuating part operative; or for disconnecting the actuating and actuated parts for the purpose of making the former inoperative for the time-being."

In this I fully concur, and must hold that the two devices are essentially alike, and produce the same result in substantially the same way. As to the swivel-jointed spindle, that can only be regarded as a new device added to the Thaxter combination, and may be dismissed from the case.

It is important to observe that the patent-office seems never to have been called upon to determine whether the Crockett & Allen invention

conflicted with the Thaxter patent, for the reason that all the claims of the Crockett & Allen patent relate to the toothed wheel and dog, and to the swiveled spindle. These are all plainly outside of the Thaxter invention. They may be, and apparently are, patentable improvements on it, and thus protected from adoption in use by him. But this, of course, cannot justify an appropriation of Thaxter's invention.

The defendants also set up the defense of want of novelty, and contend that the plaintiff's invention was anticipated in seven prior patents: Smith's, 98,114; Roosevelt's, 178,382; Chinnock's, 197,826; Lemke's, 234,592; Sullivan's, 277,682; Woehrle's, 297,096; Roosevelt's, 306,179. In regard to this defense, Mr. Livermore says:

"The patents put in evidence by the defendants as representing the state of the art relating to the Thaxter invention, merely show that, prior to the Thaxter patent, locking bolts had in some way been controlled or affected by electro-magnetic devices; but, as I have already stated, none of them show or suggest a contrivance of any kind for the controlling the effect of a doorknob or a door-bolt from a distinct point, and none of them show the combination of devices set forth in the Thaxter patent, or anything resembling such combination in construction or mode of operation."

This testimony is confirmed by a comparison of these patents with Thaxter's. Some of them are not automatic, but require the use of a key to turn back the bolt; and in no one of them is to be found any equivalent for the action of the locking slide with the tumbler.

The defendants' lock, in my judgment, is an infringement of the first three claims of the plaintiff's patent. Decree for the complainant.